UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION and GOOD TECHNOLOGY SOFTWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AIRWATCH, LLC, <br><br> Defendant. | Case No. 5:12-cv-05827-PSG <br><br> **OMNIBUS ORDER RE: MOTIONS TO SEAL** <br><br> **(Re: Docket Nos. 232, 239, 243)** |

Before the court are three administrative motions to seal several documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

1
Case No. 5:12-cv-05827-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd*., 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana*, 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the courts rules on the instant motions as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|---|
| 232 | Exhibit A to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 232 | Exhibit B to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 232 | Good's Motion to Exclude the Opinions of Keith Rutherford and Certain Opinions of Julie Davis | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 239 | Exhibit M to the Declaration of Geoffrey Smith | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 239 | Exhibit P to the | UNSEALED | Not narrowly tailored |

---

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1). The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

3
Case No. 5:12-cv-05827-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | Declaration of Geoffrey Smith | | to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 239 | Exhibit X to the Declaration of Geoffrey Smith | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 239 | Exhibit Y to the Declaration of Geoffrey Smith | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 243 | AirWatch, LLC's Motion for Summary Judgment of Non-Infringement | Designations in blue at Docket No. 243-7 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | AirWatch, LLC's Motion for Summary Judgment of No Direct, Indirect or Willful Infringement and of No Lost Profit | Designations in blue at Docket No. 243-8 SEALED except designation at 13:15-17 UNSEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | AirWatch, LLC's Motion for Summary Judgment of Invalidity | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 1 to the Declaration of Patrick McDaniel | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 2 to the Declaration of Patrick McDaniel | Designations in blue at Docket No. 243-34 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 1 to the Declaration of Jon B. Weissman | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 2 to the Declaration of Jon B. Weissman | Designations in blue at Docket No. 243-36 SEALED; all other | Only sealed portions narrowly tailored to confidential business |

| | | designations UNSEALED. | information. |
|---|---|---|---|
| 243 | Exhibit 11 to the Hung Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 13 to the Hung Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 16 to the Hung Declaration | Designations in blue at Docket No. 243-15 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 23 to the Hung Declaration | Designations in blue at Docket No. 243-16 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 31 to the Hung Declaration | SEALED | Narrowly tailored to confidential business information. |
| 243 | Exhibit 32 to the Hung Declaration | SEALED | Narrowly tailored to confidential business information. |
| 243 | Exhibit 34 to the Hung Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 35 to the Hung Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 36 to the Hung Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 38 to the Hung Declaration | SEALED | Narrowly tailored to confidential business information. |
| 243 | Exhibit 40 to the Hung | Designations in blue at Docket | Only sealed portions |

5

| | | | |
|---|---|---|---|
| | Declaration | No. 243-25 SEALED; all other designations UNSEALED. | narrowly tailored to confidential business information. |
| 243 | Exhibit 42 to the Hung Declaration | SEALED | Narrowly tailored to confidential business information. |
| 243 | Exhibit 43 to the Hung Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 49 to the Hung Declaration | SEALED | Narrowly tailored to confidential business information. |
| 243 | Exhibit 50 to the Hung Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 51 to the Hung Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 52 to the Hung Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 25 to the Declaration of Richard S.J. Hung | Designations in blue at Docket No. 243-17 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 26 to the Declaration of Richard S.J. Hung | Designations in blue at Docket No. 243-18 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 46 to the Declaration of Richard S.J. Hung | Designations in blue at Docket No. 243-28 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | AirWatch, LLC's Motion to Strike | Designations in blue at Docket No. 243-4 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business |

|  |  |  | information. |
|---|---|---|---|
| 243 | Exhibit 21 to the Declaration of Joshua A. Hartman | Designations in blue at Docket No. 247-1 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 22 to the Declaration of Joshua A. Hartman | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 23 to the Declaration of Joshua A. Hartman | Designations in blue at Docket No. 243-12 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 20 to the Hartman Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | AirWatch, LLC's Motion to Exclude Testimony of Roy Weinstein and Hugh Smith | Designations in blue at Docket No. 243-5 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 1 to the Declaration of Christopher J. Wiener | Designations in blue at Docket No. 243-37 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 2 to the Wiener Declaration | Designations in blue at Docket No. 243-38 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 3 to the Wiener Declaration | SEALED | Narrowly tailored to confidential business information. |
| 243 | Exhibit 5 to the Wiener Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 6 to the Wiener Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |

| | | | |
|---|---|---|---|
| 243 | Exhibit 8 to the Wiener Declaration | Designations in blue at Docket No. 243-42 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 243 | Exhibit 10 to the Wiener Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 11 to the Wiener Declaration | SEALED | Narrowly tailored to confidential business information. |
| 243 | Exhibit 12 to the Wiener Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 13 to the Wiener Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 14 to the Wiener Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 15 to the Wiener Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 243 | Exhibit 16 to the Wiener Declaration | SEALED | Narrowly tailored to confidential business information. |
| 243 | Exhibit 17 to the Wiener Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |

**SO ORDERED.**

Dated: April 9, 2015

_/s/ Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge